UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
00 MAY 10 PM 2:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| SHEILA A. THOMAS, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. CV-00-S-908-NE |
| McCOOK METALS, L.L.C.; SCOTTSBORO ALUMINUM, L.L.C., | ) |
| Defendants. | ) |

ENTERED
MAY 10 2000

### MEMORANDUM OPINION

This action is before the court on the motion to dismiss filed by defendant McCook Metals, L.L.C. (doc. no. 2). Upon consideration of the motion and pleadings, the court determines that it would not be aided by oral argument. Accordingly, this action shall be removed from the motion docket scheduled for May 17, 2000.

### I. STANDARD OF REVIEW

A court may dismiss a complaint for failure to state a claim upon which relief can be granted only if it is clear that no relief can be accorded plaintiffs under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) ("[W]e may not ... [dismiss] unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief."). The threshold requirements for a complaint to survive a Rule 12(b)(6) motion to dismiss thus are "exceedingly low." *Williams v. City of Montgomery*, 21 F. Supp. 2d 1360, 1363 (M.D. Ala. 1998).

The following factual allegations are accepted as true for purposes of this motion.

## II.  FACTUAL BACKGROUND

Plaintiff, Shelia A. Thomas, was employed with Norandal USA, Inc., for over twenty years.[1] Initially, she worked at Norandal's Scottsboro, Alabama facility as an accounting clerk, and later, in Norandal's corporate office in Brentwood, Tennessee as a credit representative.[2]

Defendant McCook Metals, L.L.C. ("McCook") purchased Norandal's Scottsboro plant in February of 1999, and created a new entity, defendant Scottsboro Aluminum, L.L.C., to operate the facility.[3] "Multiple male employees from Norandal, including a sales manager and sales representatives, were offered positions

---

[1] Complaint ¶ 6.
[2] *Id.*
[3] *Id.* ¶ 7.

with the new company."[4]  Plaintiff also learned in January of 1999 that McCook hired Jim Hadraba to handle credit/collection matters, a position she previously had occupied at the Scottsboro facility when it was owned by Norandal.[5]  Plaintiff was not offered a position, however, and "Norandal terminated her employment on March 2, 1999."[6]  Following her termination, plaintiff continued to seek employment with defendants.

> In October of 1999, [plaintiff] applied for a vacant quality control/customer service position.  On information and belief, the position was not filled at that time.  Plaintiff learned in March of 1999 that <u>defendants</u> had posted a notice for a vacancy for a quality control/customer service job at the Scottsboro plant.  Plaintiff <u>applied for the job</u> and submitted her resume and letter of reference, including a letter from the individual who previously held the position.  In April of 1999, the <u>defendants</u> hired Denis Hamm, a young male with less qualification and experience.[7]

Plaintiff contends that "[d]efendants McCook ... and Scottsboro Aluminum, [L.L.C.,] discriminated against [her] on the basis of her sex with regard to failure to hire," in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*  Plaintiff's complaint also contains two separate failure to hire claims against McCook.  First, plaintiff complains that McCook did

---

[4] *Id.*

[5] *Id.* ¶ 8.

[6] *Id.*

[7] *Id.* ¶ 9 (emphasis supplied).

not offer her a position when they purchased Norandal's Scottsboro plant. Plaintiff also complains that McCook rejected her application for a "quality control/custom service position."

### III. DISCUSSION

McCook moves to dismiss all claims asserted against it, claiming that the allegations asserted in plaintiff's complaint are insufficient to attach liability under Title VII. McCook's sole argument for dismissal is set forth below:

> Title VII prohibits discrimination by an "employer." ... McCook was never the "employer" of the plaintiff as that term is defined in 42 U.S.C. § 2000e(b). The plaintiff's claim should be dismissed <u>because nowhere in the complaint has she alleged</u> that she is a past or current employee of McCook, or <u>that she has ever applied for employment with McCook</u>. ... Absent an allegation that she <u>applied for</u> a job which McCook was seeking candidates and for which the plaintiff was qualified, the plaintiff fails to state a hiring claim under Title VII. ...[8]

The crux of defendant's argument is that plaintiff has failed to allege the second element of her prima facie case, namely, that she actually applied for a position with defendant.

Generally, to establish a prima facie case of gender discrimination for failure to hire, plaintiff must allege that: (1) she belongs to a class of persons protected by Title VII; (2) she applied for, and was qualified to fill, a position for which the

---

[8] Motion to dismiss ¶ 2 (emphasis supplied).

defendant employer was seeking applicants; (3) despite her qualifications, she was rejected for employment or promotion; and (4) after her rejection, the position remained open or was filled by a person outside her protected class. *See e.g.*, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973) (failure to hire based on racial discrimination); *Walker v. Mortham*, 158 F.3d 1177, 1179 n.2, 1185-86 (11th Cir. 1998). The Eleventh Circuit has held, however, that the prima facie burdens should not be applied in a rigid or inflexible manner. *See Schoenfeld v. Babbitt*, 168 F.3d 1257, 1268 (11th Cir. 1999).

> In cases where the evidence does not fit neatly into the classic prima facie formula, for example, we have stated that "[a] prima facie case of disparate treatment can be established by any 'proof of actions taken by the employer from which we infer discriminatory animus because experience has proved that in the absence of any other explanation it is more likely than not that those actions were bottomed on impermissible considerations.'"

*Id.* (quoting *Hill v. Metropolitan Atlanta Rapid Transit Authority*, 841 F.2d 1533, 1540 (11th Cir. 1988) (quoting *Furnco Construction Corporation v. Waters*, 438 U.S. 567, 576, 98 S.Ct. 2943, 2951, 57 L.Ed.2d 957 (1978))).

Applying a similar analysis, other circuits have held that the "failure to formally apply for a job opening will not bar a Title

VII plaintiff from establishing a prima facie claim ... as long as the plaintiff made every reasonable attempt to convey [her] interest in the job to the employer." *Chambers v. Wynne School District*, 909 F.2d 1214, 1217 (8th Cir. 1990) (quoting *Equal Opportunity Commission v. Metal Service Company*, 892 F.2d 341, 348 (3rd Cir. 1990)); *see also Wanger v. G.A. Gray Company*, 872 F.2d 142, 145 (6th Cir. 1989) (recognizing that "[i]n certain situations a formal application is not necessary in order to establish a prima facie case of discrimination"); *Babrocky v. Jewel Food Company and Retail Meatcutters Union, Local 320*, 773 F.2d 857, 867 (7th Cir. 1985) (concluding that "[b]ecause an employer may create an atmosphere in which employees understand that their applying for certain positions is fruitless, even nonapplicants can in appropriate circumstances qualify for relief...").

With regard to her first failure to hire claim, plaintiff does not allege in her complaint that she specifically applied for or requested to be considered for a position with McCook when it purchased Norandal's Scottsboro plant. Moreover, she does not reveal whether McCook implemented a formal application process for selecting which of Norandal's employees it wished to retain. Such deficiencies are not fatal to her claims at the motion to dismiss

6

stage, because it does not "appear beyond doubt" that plaintiff "can prove no set of facts in support of the claims in the complaint that would entitle ... her to relief." *Wright*, 795 F.2d at 967. Specifically, she may introduce evidence that McCook actually was aware of her interest in a position in the Scottsboro facility, and, therefore a formal application was unnecessary.

With regard to her second failure to hire claim, plaintiff specifically alleges that "she applied for" a vacant quality control/customer service position with defendants, and defendants hired a less qualified male applicant. This statement unequivocally satisfies plaintiff's prima facie burden.

### IV.  CONCLUSION

Based on the foregoing, the court finds that McCook's motion to dismiss is due to be denied. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this _10th_ day of May, 2000.

_____
United States District Judge